THE PEOPLE OF PUERTO RICO, EX REL. JUAN V. MORCIGLIO, Relator and Appellant, *v.* JOSÉ RAMÓN MILÁN, Respondent and Appellee.

No. 7969.   Argued February 16, 1940.—Decided February 20, 1940.

154

*Enrique Báez García* for appellant. *Leopoldo Tormes García* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

In the general election held in 1936, Isabel Dalmau de Acosta, a member of the "Partido Unión Republicana," appeared in the electoral ticket of her party and in that of the "Partido Socialista," as a candidate for the Guánica Municipal Assembly. She was elected, but on April 13, 1938, her resignation was accepted by the municipal assembly. To fill the vacancy the local committee of the "Partido Unión Republicana" submitted a list of candidates headed by respondent José Ramón Milán, who was selected by the assembly and was inducted into office.

To challenge his election The People of Puerto Rico, at the instance of Juan V. Morciglio, brought the present *quo warranto* proceeding on the ground that the election of respondent by the municipal assembly is void and therefore the respondent is unlawfully discharging the duties of such office because no list of candidates from the "Partido Socialista" was requested from which to elect somebody to fill the vacancy. The relator relies on the decision in *People ex rel. Sosa v. García,* 43 P.R.R. 385.

As it appears from the pleadings and the evidence that Isabel Dalmau de Acosta, whose resignation brought about the vacancy filled by the respondent, although nominated by the two parties above mentioned, belonged, however,

to the "Partido Unión Republicana," section 23 of Act No. 53, (Session Laws of 1928), is the law applicable in the premises. The pertinent part of said section reads as follows:

"Section 23.—Vacancies in municipal assemblies shall be filled by them from a list of three names submitted by the local directing body of the party *to which the candidate belongs,* and the appointees shall be persons qualified as eligible and *who belong to the same political party as the member causing such vacancy* . . ." (Italics ours.)

In view of such an express legal provision it is unquestionable that the party entitled to send in a list of candidates for the office was the "Partido Unión Republicana" and not the "Partido Socialista."

The decision in *People ex rel. Sosa* v. *García, supra,* invoked by the relator and appellant, does not support his theory. In the above case the parties "Socialista Constitucional" and "Reformista Local" of Río Piedras came to an understanding whereby the members of the latter would vote the former's ticket in which there appeared certain candidates from the "Partido Reformista." Conformable to the understanding the "Partido Reformista" did not vote its ticket and apparently did not go to the polls, but voted for the candidates who appeared on the ticket of the "Partido Socialista Constitucional." Pablo Landrau, affiliated to the "Reformista Local" party, was one of such candidates. When the office filled by the said Pablo Landrau was declared vacant on November 28, 1930, the Municipal Assembly of Río Piedras appointed to the said office respondent José García Delgado who had been recommended by the "Socialista Constitucional" party which had won the election of 1928. The secretary of the municipal assembly did not notify the committee about the vacancy nor did he ask for the statutory list of three candidates.

The election of José García Delgado having been challenged, the court found for the relator in the *quo warranto*

proceeding and declared the election void on the ground that, although Pablo Landrau belonged to the "Reformista Local" party, such party, however, did not go to the polls and, therefore, was not entitled to any representation in the municipal assembly.

In the case at bar, the "Unión Republicana" party went to the polls and won the election. As Mrs. Dalmau de Acosta was affiliated to the above party, it was the proper thing, as we have already stated, to fill the vacancy with a member of her party in accordance with section 23, *supra*.

From the foregoing, the appeal is dismissed and the judgment appealed from affirmed.